UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLID INCOME LIMITED, et al.,<br>    Plaintiffs,<br>v.<br>AMERICAN HOMEENERGY LLC, et al.,<br>    Defendants. | Case No. 24-cv-09424-HSG<br>Re: Dkt. No. 18<br><br>**ORDER DENYING MOTIONS TO DISMISS** |
| SOLID INCOME LIMITED,<br>    Plaintiff,<br>v.<br>ENERGYINVEST LLC, et al.,<br>    Defendants. | Case No. 24-cv-09422-HSG<br>Re: Dkt. No. 17 |

Pending before the Court are Defendants' motions to dismiss Plaintiffs' complaints in two related fraudulent transfer actions. *See* Dkt. No. 17 in 24-cv-9422; Dkt. No. 18 in 24-cv-9424. The Court finds these matters appropriate for disposition without oral argument and the matters are deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court denies the motions to dismiss.

**I.  BACKGROUND**

These actions arise from a series of allegedly fraudulent financial transactions, which have already been litigated in federal court. This prior litigation concerns two loans provided to Defendant Thomas Enzendorfer.

First, in January 2018, a limited liability company, AEC Yield, provided over ten million dollars in financing to Mr. Enzendorfer and his entity American Home Energy. Dkt. No. 1 in Case

No. 24-9424.  Mr. Enzendorfer allegedly transferred those assets to a series of shell companies in violation of his agreement with AEC Yield.  *Id*.  AEC Yield brought breach of contract claims in the Eastern District of New York, and judgment was ultimately entered in favor of AEC Yield in the amount of $22,111,363.46.  *Id*.  As alleged, AEC Yield assigned its interest in the judgment to Solid Income and CCY III, the Plaintiffs in this matter.

Second, in December 2020, Plaintiff Solid Income loaned $1,750,000 to Mr. Enzendorfer and his limited liability company EnergyInvest.  Dkt. No. 1 in Case No. 24-9422.  After Mr. Enzendorfer allegedly misappropriated the loan by transferring it to various shell entities, the parties entered arbitration.  On January 10, 2024, a federal judge in the Southern District of New York confirmed an arbitration award of $2,152,594.79 in favor of Solid Income and entered judgment.  *Id*.

Plaintiffs now seek to recover (1) the Eastern District of New York judgment, and (2) the Southern District of New York arbitration award.  Here, they bring a common law fraudulent transfer claim under California law, as well as claims for voidable transfer under California Civil Code sections 3439.04(a)(1) and 3439.04(a)(2).  Defendants move to dismiss all three claims.

## II. REQUEST FOR JUDICIAL NOTICE

Along with their motions to dismiss, Defendants filed requests for judicial notice.  *See* Dkt. Nos. 22, 29-1 in 24-9424; Dkt. Nos. 21, 29-1 in 24-9422.  The Court denies the requests.

### A. Legal Standard

As a general matter, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6).  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  However, there are two exceptions to this rule: the incorporation-by-reference doctrine and judicial notice under Federal Rule of Evidence 201.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  Both procedures permit district courts to consider materials outside a complaint without converting a motion to dismiss into a summary judgment.  *Id.*; *see Lee*, 250 F.3d at 688–89.

The incorporation by reference doctrine is a judicially created doctrine that allows a court to consider certain documents as though they were part of the complaint itself.  *Khoja*, 899 F.3d at

1002. This is to prevent a plaintiff from cherry-picking certain portions of documents that support her claims, while omitting portions that weaken her claims. *Id.* Incorporation by reference is appropriate "if the plaintiff refers extensively to the document or the document forms the basis of plaintiff's claim." *Id.* However, "the mere mention of the existence of a document is insufficient to incorporate the contents" of a document. *Id.* Under the incorporation-by-reference doctrine, a court may consider evidence on which the complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). If these conditions are met, the court may treat such a document as part of the complaint and may assume the truth of the document's contents for purposes of a motion to dismiss under Rule 12(b)(6). *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, while a court "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss . . . it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1002.

Federal Rule of Evidence 201(b) permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In *Khoja*, the Ninth Circuit discussed the judicial notice rule and incorporation by reference doctrine, noting that a court may take "judicial notice of matters of public record," but "cannot take judicial notice of disputed facts contained in such public records." 899 F.3d at 999 (citation and quotations omitted). The Ninth Circuit has held that if a court takes judicial notice of a document, it must specify what facts it judicially notices from the document. *Id.* Further, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id.* As an example, the Ninth Circuit held that for a transcript of a conference call, the court may take judicial notice of the fact that there was a conference call on the specified date, but may not take judicial notice of a fact mentioned in the transcript, because

3

1  the substance "is subject to varying interpretations, and there is a reasonable dispute as to what the
2  [document] establishes." *Id.* at 999–1000.

### B. Analysis

Defendants ask the Court to take judicial notice of several facts and documents that largely concern the parties' prior litigation.

Consistent with Federal Rule of Evidence 201, "[a] request for judicial notice must normally describe both the matter for which the party seeks judicial notice and the basis for judicial notice, that is, why the matter's accuracy is not subject to reasonable dispute." *Moreno v. Ross Island Sand & Gravel Co.*, No. 2:13-CV-00691-KJM, 2015 WL 5604443, at *1 (E.D. Cal. Sept. 23, 2015) (citing Fed. R. Evid. 201 (c)(2)). Moreover, the "party requesting judicial notice bears the burden of persuading the trial judge that the fact is proper for judicial notice." *Corsini v. Canyon Equity, LLC*, No. C 10-2061 JL, 2011 WL 13247445, at *5 (N.D. Cal. Feb. 14, 2011). *See Harrison v. Milligan*, No. C 09-4665 SI PR, 2012 WL 1835428, at *1 (N.D. Cal. May 21, 2012) ("The party requesting judicial notice bears the burden of persuading the court that the particular fact is not reasonably subject to dispute and is capable of immediate and accurate determination by resort to a source whose accuracy cannot reasonably be questioned."); *Newman v. San Joaquin Delta Cmty. Coll. Dist.*, 272 F.R.D. 505, 516 (E.D. Cal. 2011) (denying request for judicial notice where the moving party did not "state any authorities or factual bases for judicially noticing the [requested materials]"). Here, Defendants have not met their burden. Defendants' requests for judicial notice provide minimal context for each request and present no argument or explanation as to why the materials should be judicially noticed. Accordingly, since Defendants have not carried their burden under Rule 201, the requests for judicial notice are denied.

### III. MOTION TO DISMISS

#### A. Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the

4

1 complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."
2 *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule
3 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible
4 on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible
5 when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that
6 the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
7 In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as
8 true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v.
9 St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not
10 "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or
11 unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)
12 (citation and quotations omitted).

13 When fraud is an essential element of a claim, Rule 9(b) imposes a heightened pleading
14 standard. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with
15 particularity the circumstances constituting fraud or mistake."); *see also Vess v. Ciba–Geigy Corp.
16 USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). A plaintiff must identify "the who, what, when, where,
17 and how" of the alleged conduct to provide defendants with sufficient information to defend
18 against the charge. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (citation and quotations
19 omitted). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be
20 alleged generally." Fed. R. Civ. P. Rule 9(b). Even if the court concludes that a 12(b)(6) motion
21 should be granted, the "court should grant leave to amend even if no request to amend the pleading
22 was made, unless it determines that the pleading could not possibly be cured by the allegation of
23 other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citation and
24 quotations omitted).

25 **B. Discussion**

26 Defendants seek dismissal on several grounds, including (1) for lack of subject matter
27 jurisdiction under Federal Rule of Civil Procedure Rule 12(b)(1), (2) as a matter of law based on
28 the elements of fraudulent transfer and the statute of limitations, (3) for seeking an impermissible

5

double recovery, and (4) for failure to state a claim under Federal Rule of Civil Procedure Rule 9(b).

### i. Lack of Subject Matter Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss based on the court's lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject matter jurisdiction exists." *See Leeson v. Transam. Disability Income Plan*, 671 F.3d 969, 975, n.12 (9th Cir. 2012) (quotation omitted). The party invoking subject matter jurisdiction has the burden of establishing that such jurisdiction exists. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

A challenge pursuant to Rule 12(b)(1) may be "facial" or "factual." *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). As relevant here, in a factual challenge, "'the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.'" *Wood v. City of San Diego*, 678 F.3d 1075, 1083 n.8 (9th Cir. 2012) (quoting *Safe Air For Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004)). Once challenged, the plaintiff must support her jurisdictional allegations with "competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010). To resolve a factual attack, the court need not "presume the truthfulness of the plaintiff's allegations" and "'may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment.'" *Wood*, 678 F.3d at 1083 n.8 (quoting *Safe Air*, 373 F.3d at 1039). However, a court should not resolve factual issues when "the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits." *Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005). In such cases, the court must "leave the resolution of material factual disputes to the trier of fact." *Bowen v. Energizer Holdings, Inc.*, 118 F.4th 1134, 1143 (9th Cir. 2024).

### a. Entity Registration Status

Defendants first bring a factual attack under Rule 12(b)(1), arguing that Plaintiffs Solid Income Limited and CCY III lack standing because they are not "legally registered" entities.

1    Plaintiffs, for their part, provide the Court with "Certificates of Good Standing" from the Registry
2    of Companies in the Cayman Islands, which state that "Solid Income Ltd" and "Constant Cash
3    Yield III Ltd." are "existing" companies in "good standing" in the Cayman Islands. Dkt. No. 28-1
4    in Case Nos. 24-9424, 24-9422. In response, Defendants contend that "no reasonable person
5    would think 'CCY III' and 'Constant Cash Yield III Ltd.' are the same entity," and that "'Solid
6    Income Limited' and 'Solid Income Ltd.' are not the same entity under Cayman Islands Law."
7    Dkt. No. 29 at 11 in Case No. 24-9424; Dkt. No. 29 at 9 in Case No. 24-9422. At this stage, and
8    given the evidence before it, the Court finds that Plaintiffs have supplied "competent proof" that
9    Solid Income Limited and CCY III are actual entities in the Cayman Islands. *Leite v. Crane Co.*,
10   749 F.3d 1117, 1122 (9th Cir. 2014). That being said, the Court has an ongoing duty to assess
11   whether subject matter jurisdiction exists and may consider the issue *sua sponte* later. *See*
12   *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Defendants are entitled move to
13   dismiss under Rule 12(b)(1) at any stage in the litigation and may choose to do so again here if,
14   for example, new evidence is discovered.[1]

### b.  Assignment Validity

16   Defendants next assert that Plaintiffs lack standing because they are not the proper
17   assignees of the Eastern District of New York judgment. Dkt. No. 18 at 20 in Case No. 24-9424.
18   Specifically, Defendants argue that since Plaintiffs have not met the requirements of California's
19   Code of Civil Procedure ("CCP"), they do not "own the Judgment against American Home
20   Energy, Inc." *Id.* at 21.

21   "Title 9 of part 2 of the Code of Civil Procedure (§§ 680.010–724.260) is known as the
22   Enforcement of Judgments Law." *Conservatorship of McQueen*, 59 Cal. 4th 602, 607 (2014).
23   CCP section 681.020 prescribes the requirements for an assignee to enforce a judgment under this
24   title. Under section 681.020, "[a]n assignee of a judgment is not entitled to enforce the judgment
25   under this title unless an acknowledgment of assignment of judgment to that assignee has been

---

[1] Since Defendants' arguments regarding Solid Income's parent corporation appear contingent on Solid Income not existing as a legitimate entity, the Court declines to address that issue. *See* Dkt. No. 17 at 20 in Case No. 24-9422 ("Because Plaintiff does not appear to exist, the next question is whether Plaintiff's owner could possibly bring this action in Plaintiff's place.").

1  filed under [s]ection 673 or the assignee has otherwise become an assignee of record." CCP
2  section 673 sets out the requirements for becoming an assignee of record. "These statutes, read
3  together, specify requirements for an assignee to obtain standing as a judgment creditor to enforce
4  a judgment under the Enforcement of Judgments Law." *California Coastal Com. v. Allen*, 167
5  Cal. App. 4th 322, 327 (2008). Here, the parties dispute whether Plaintiffs' claims were brought
6  under or are subject to California's Enforcement of Judgments Law, such that CCP sections 673
7  and 681.020 apply to the claims.

The plain language of Plaintiffs' complaint shows that their fraudulent transfer claims are brought under California's Uniform Voidable Transactions Act ("UVTA"), Cal. Civ. Code § 3439.04(a)(1), (2). *See, e.g.*, Dkt. No. 1 in Case No. 24-9424. At issue, then, is whether fraudulent transfer actions brought under the UVTA are subject to the assignment requirements set out in California's Enforcement of Judgments Law. Defendants cite just one case—*Conservatorship of McQueen*, 59 Cal. 4th 602 (2014)—to support their contention that UVTA fraudulent transfer claims are "enforcement of judgment" actions governed by the Enforcement of Judgments Law. That case, which concerns whether the Enforcement of Judgments Law's attorneys' fees provision applies to a fraudulent transfer action, does not address whether the underlying action was brought under the UTVA, nor does it address the Enforcement of Judgments Law's assignment provisions. Accordingly, absent definitive case law in support of its claim, the Court declines to adopt Defendants' assignment position, and declines to dismiss on this basis.

### ii. Dismissal as a Matter of Law

Defendants next argue that the Court should dismiss Plaintiffs' complaints as a matter of law because (1) the initial transfer was not fraudulent, and (2) the transfers at issue fall outside the statute of limitations. Both arguments are grounded in fact-intensive inquiries that the Court will not resolve at the pleading stage.

The parties here dispute when the statute of limitations began to run and which transaction or judgment started this clock. *See* Dkt. No. 18 at 12 and Dkt. No. 28 at 12 in Case No. 24-9424; Dkt. No. 17 at 23 in Case No. 24-9422. "[B]ecause resolving tolling disputes is a fact-intensive

1    process, statute of limitations defenses may not be raised by motion to dismiss unless they include
2    no disputed issues of fact." *In re California Bail Bond Antitrust Litig.*, No. 19-CV-00717-JST,
3    2020 WL 3041316, at *17 (N.D. Cal. Apr. 13, 2020) (internal citation and quotations omitted); *see*
4    *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995); *Hightower v.*
5    *Celestron Acquisition, LLC*, No. 5:20-CV-03639-EJD, 2021 WL 2224148, at *6 (N.D. Cal. June
6    2, 2021). Since the statute of limitations dispute here "require[s] a fact-intensive investigation that
7    is inappropriate on a motion to dismiss," the Court declines to dismiss on this basis at this stage in
8    the litigation. *24/7 Customer, Inc. v. 24-7 Intouch*, No. 5:14-CV-02561-EJD, 2015 WL 1522236,
9    at *4 (N.D. Cal. Mar. 31, 2015).

The parties' disagreement as to whether the initial transfer was indeed fraudulent is similarly fact-intensive. Defendants rely, for example, on the contents of the loan agreement between Mr. Enzendorfer and EnergyInvest LLC to substantiate their claim that EnergyInvest's December 2020 transfer was not fraudulent. Dkt. No. 17 at 22 in Case No. 24-9422. But the loan agreement is not before the Court. At this stage, the Court's "inquiry is limited to the content of the complaint." *N. Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Defendants also point to representations by Patric Wisard. *See* Dkt. No. 17 at 23 in Case No. 24-9422. These representations are entirely absent from the complaint. Evaluating them at this stage would turn Defendants' motion to dismiss into a motion for summary judgment. The Court therefore declines to dismiss the complaint as a matter of law.

### iii. Double Recovery

Defendants assert that American Home Energy Inc. and EnergyInvest LLC must be dismissed as parties in these suits because Plaintiffs are not entitled to recover damages from them under *Renda v. Nevarez*, 223 Cal. App. 4th 1231 (2014). Plaintiffs argue that both companies are proper defendants because Plaintiffs seek to recover additional forms of relief from them, rather than a second judgment for the same debt.

Under *Renda*, in a fraudulent transfer action, "a creditor cannot obtain a money judgment against a debtor for the amount of the outstanding judgment because it would create two judgments against the same debtor for the same debt." *Berger v. Varum*, 35 Cal. App. 5th 1013,

1024–25 (2019). However, a creditor may seek "separate monetary damages . . . caused by the . . . defendants' post-judgment tortious conduct," including "efforts to hinder, delay and defraud [creditors] from collecting the Judgment and the resulting delay in satisfaction of judgment." *Id*. At issue here, then, is whether Plaintiffs seek duplicative money damages for the same harm, or whether they seek additional damages for separate conduct.

Plaintiffs in these matters request both punitive and compensatory damages. Dkt. No. 1-1. in Case No. 24-9424; Dkt. No. 1 in Case No. 24-9422. Plaintiffs' request for punitive damages constitutes a distinct form of relief from the original monetary judgment entered against Defendants. The request for compensatory damages is less readily resolved, but such resolution is not necessary at this stage. *See Logtale, Ltd. v. Canton*, No. 20-CV-01207-DMR, 2020 WL 4464907, at *6 (N.D. Cal. Aug. 3, 2020) (declining to decide at the motion to dismiss stage what monetary relief might be appropriate under *Renda*); *Attebury Grain LLC v. Cortez*, 794 F. App'x 674 (9th Cir. 2020) (holding that the "compensatory damages award in this second fraudulent transfer action did not constitute an impermissible double recovery"). Accordingly, the Court will await further factual development in this case before deciding whether Plaintiffs' request for "[c]ompensatory damages in the amount equal to the Judgment" could give rise to an impermissible double recovery.

### iv. Failure to State a Claim

Finally, Defendants argue that Plaintiffs' complaints contain "conclusory and speculative allegations" that do "not meet the particularity or plausibility requirements of FRCP 8 or FRCP 9(b)." Dkt. No. 18 in Case No. 24-9424. The Court disagrees.

"A fraudulent transfer under the UVTA is a transfer by the debtor of property to a third person undertaken with the intent to prevent a creditor from reaching that interest to satisfy its claim." *Potter v. All. United Ins. Co.*, 37 Cal. App. 5th 894, 903–04 (2019) (internal citations and quotations omitted). "[A] transfer can be invalid either because of actual fraud [Cal. Civ. Code § 3439.04(a)(1)] or constructive fraud [Cal. Civ. Code § 3439.04(a)(2)]." *Id*. Here, Plaintiffs bring claims for fraudulent transfer under common law and under sections 3439.04(a)(1) and (a)(2).

"To establish a prima facie case [for fraudulent transfer] under the UVTA, plaintiff 'must

prove what was transferred, that what was transferred is subject to avoidance under applicable law, and the fair market value of what was transferred.'" *Hoffman v. Morris*, No. CV 17-5176 FMO (KSX, 2017 WL 10438889, at *3 (C.D. Cal. Nov. 30, 2017) (quoting *In re 3dfx Interactive, Inc.*, 389 B.R. 842, 864 (Bankr. N.D. Cal. 2008)). Plaintiffs allege that Defendants received and exchanged assets "with the actual intent to defraud the Original Judgment Creditors and to hinder and delay the Original Judgment Creditors." Dkt. No. 1 in Case No. 24-9424. Plaintiffs further allege that Defendants executed these transfers "for no discernible purpose other than to avoid creditors" and assert that the "assets were apparently transferred for nothing in return," "without the entities receiving reasonably equivalent value for the assets transferred." *Id*. Plaintiffs plead, in sufficient detail, the specific loans that gave rise to the fraudulent transfer claims, the parties to those loans, the loan dates, and amounts. Construing the allegations in the light most favorable to Plaintiffs, as the Court must do at the motion to dismiss stage, Plaintiffs have established that the transfers are subject to avoidance under Cal. Civil Code §§ 3439.04(a)(1) and (a)(2).[2] *See Oracle Am., Inc. v. Appleby*, No. 16-CV-02090-JST, 2016 WL 5339799, at *9 (N.D. Cal. Sept. 22, 2016). And since "the elements for a fraudulent transfer claim under common law are the same as under section 3439," the Court likewise declines to dismiss Plaintiffs' common law fraudulent transfer claim. *Kelleher v. Kelleher*, No. 13-CV-05450-MEJ, 2014 WL 94197, at *6 (N.D. Cal. Jan. 9, 2014).

## IV. CONCLUSION

Defendants' motions to dismiss, Dkt. No. 17 in 24-cv-9422; Dkt. No. 18 in 24-cv-9424, are **DENIED**.

The Court further **SETS** a case management conference on September 23, 2025 at 2:00 p.m. The hearing will be held by Public Zoom Webinar. All counsel, members of the public, and

---

[2] A fraudulent transfer occurs when a debtor "made the transfer or incurred the obligation . . . [w]ith actual intent to hinder, delay, or defraud any creditor." Cal. Civ. Code § 3439.04(a)(1). A constructive fraudulent transfer occurs when a debtor makes a transfer "[w]ithout receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor ... [w]as engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction." Cal. Civ. Code § 3439.04(a)(2).

11

1  media may access the webinar information at https://www.cand.uscourts.gov/hsg.  All attorneys
2  and pro se litigants appearing for the case management conference are required to join at least 15
3  minutes before the hearing to check in with the courtroom deputy and test internet, video, and
4  audio capabilities.  The parties are further **DIRECTED** to file a joint case management statement
5  by September 16, 2025.

**IT IS SO ORDERED.**

Dated:   8/26/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge

12